BLUTHENTHAL & BICKART, Inc., v. CROWLEY.

(Supreme Court, Appellate Division, First Department.    June 3, 1910.)

PLEADING (§ 321*)—BILL OF PARTICULARS—RIGHT.

    In an action to recover the price of liquors sold, in which the answer alleged various agreements to extend time of payment, and counterclaimed for a shortage in the quantity of liquor delivered, plaintiff was entitled to a bill of particulars stating the time and place of making such agreements and showing the exact items and amounts of the shortages; defendant being able to procure the latter information by examination of plaintiff, to whom the empty packages have been returned.

    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 321.*]

Appeal from Special Term, New York County.

See, also, 123 N. Y. Supp. 520.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John G. Snyder, for appellant.
Frederick M. Czaki, for respondent.

MILLER, J. The complaint sets up two causes of action, one on an account stated, and one to recover the agreed price on a sale and delivery of a quantity of liquors. The answer sets up various agreements to extend the time of payment, and also pleads as a counterclaim that there were shortages in the quantity of liquor actually contained in the packages delivered, from the amounts at which they were billed to the plaintiff. The order appealed from required the defendant to state the time and place of the making of the various agree-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments set forth, and the items and amount of shortages in quantity in the different barrels of whisky referred to.

There is no reason why the defendant should not specify the time and place of the making of the different contracts, referred to in the answer. But the defendant says that the empty packages have been returned to the plaintiff, that he has no means of showing the exact items and amounts of shortages, except by an examination of the plaintiff, that the plaintiff is required for two years to keep an accurate record of the exact amount of liquor contained in each package sold, and to file a copy thereof with the internal revenue department, and that a comparison of such record with the bills rendered to the defendant will show the discrepancies. It thus appears that the defendant cannot comply with the order unless afforded an opportunity to examine the plaintiff. An appeal from an order vacating an order for an examination of the plaintiff was argued, and is decided herewith, infra.

The order appealed from should be modified, by striking therefrom paragraphs numbered first, third, fifth, and seventh, and, as thus modified, affirmed, without costs, with leave to the plaintiff to apply for further particulars, upon affording the defendant an opportunity to examine it. All concur.